IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: | ) | Case No. 14-13199 |
| | ) | Chapter 13 |
| MICHAEL CHENEY, | ) | Hon. Janet E. Bostwick |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| MICHAEL CHENEY, | ) | Adv. Proc. No. 21-01084 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT UNITED STATES OF AMERICA'S
REPLY IN SUPPORT OF MOTION TO DISMISS**

Defendant United States of America ("United States") respectfully submits the following reply in support of its motion to dismiss the adversary complaint, ECF No. 8, and in rebuttal to the opposition brief of plaintiff Michael Cheney, ECF No. 17. In short, there is no dispute that Mr. Cheney failed to timely file tax returns for the 2005, 2006, and 2007 income tax periods. His liabilities for taxes and interest thereon for those periods were thus excepted from discharge as a matter of law pursuant to *In re Fahey*, 779 F.3d 1 (1st Cir. 2015), and sections 1328(a)(2) and 523(a)(1)(B) of the Bankruptcy Code (11 U.S.C.), and the decisions he cites do not compel a contrary conclusion. Further, Mr. Cheney has not established that he exhausted his administrative remedies under § 7433(d)(1) of the Internal Revenue Code (26 U.S.C.) and the

Treasury Regulation thereunder, 26 C.F.R § 301.7433-2, before bringing this action. The adversary complaint must accordingly be dismissed.

Realizing that the tax liabilities were excepted from discharge under the controlling law, Mr. Cheney now advances a new theory for the discharge of the debt based upon *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010), which is not plead in the adversary complaint.[1] Mr. Cheney contends that he inserted a provision in the plan that, in effect, tricked the Court into determining that the debts were discharged without an adversary proceeding—a "bad-faith litigation tactic" that the *Espinosa* Court itself warned would be penalized.

According to Mr. Cheney, a provision of the plan dealing with the bifurcation of the IRS's secured claim under 11 U.S.C. § 506(a) "will" discharge the tax debts, not the liens. The provision of the plan relied upon by Mr. Cheney relates to two of the three tax years and is as follows:

B. Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| irs lien | secured claim of irs $17907.79 for 2006 and 2007 but debtor only owns $3500.00 worth of property, debtor will pay $3500.00 through the plan plus interest and discharge the rest | 17907.79 |

*In re Cheney*, Case No. 14-13199, ECF No. 18, p.3. As noted by Mr. Cheney, the IRS did not object to the confirmation of the plan and the plan was confirmed. *Id.* at ECF No. 29. When the Court granted the Mr. Cheney a discharge, the order did not purport to change the scope of the discharge under 11 U.S.C. § 1328. *See id.* at ECF No. 46.

---

[1] The Court should reject the Mr. Cheney's new argument for this reason alone.

I. **Mr. Cheney's Tax Debts Were Excepted From Discharge Pursuant To 11 U.S.C. § 523(a)(1)(B), And The Supreme Court's *Espinosa* Decision Does Not Dictate Otherwise**

As outlined in the United States' motion to dismiss, the tax liabilities of Mr. Cheney for his 2005, 2006, and 2007 income tax years were excepted from discharge pursuant to 11 U.S.C. § 523(a)(1)(B) because Mr. Cheney did not timely file a tax return for any of those periods, and the First Circuit has held that a late return is not a "return" at all for purposes of that Bankruptcy Code provision. In response, Mr. Cheney does not contend with *Fahey* or its application to this case; rather, he argues that his Chapter 13 bankruptcy plan overrode the Bankruptcy Code's explicit provision for the nondischargeability of tax debts for which the debtor did not file a "return," and that the IRS's failure to object to his plan forecloses any discussion of nondischargeability here. This rationale, however, is belied by the caselaw upon which he purports to rely.

At root, Mr. Cheney's new theory hinges upon an overbroad reading of the decision of the United States Supreme Court in *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010). There, the Supreme Court declined to void, under Fed.R.Civ.P. 60(b)(4), an order confirming a Chapter 13 bankruptcy plan providing for the discharge of student loan interest that was nondischargeable under §§ 1328(a)(2) and 523(a)(8) of the Bankruptcy Code because the creditor had received actual notice of the plan and neither objected to, nor appealed from, its confirmation. *Espinosa*, 559 U.S. at 276. In so ruling, the Supreme Court expressly stated that its holding was "confined" to the relief available under Rule 60(b)(4), *id.* at 269 n.8, which "applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* at 271. It also emphasized that the dischargeability of student loan

debt was distinct from, *inter alia*, tax debts subject to § 523(a)(1)(B), which the Bankruptcy Code provides "are *not* dischargeable under *any* circumstances." *Id.* at 273 n.10 (emphasis in original).

Notwithstanding the Supreme Court's caveats, Mr. Cheney maintains that *Espinosa* "means the confirmed plan is res judicata and the IRS did not file a timely objection to the plan" prior to confirmation. ECF No. 17, at ¶ 10. In support of his reading, Mr. Cheney points to *United States v. Monahan*, 497 B.R. 642, 652 (1st Cir. B.A.P. 2013), a decision in which the Bankruptcy Appellate Panel of the First Circuit ("BAP") held that an amended Chapter 13 bankruptcy plan did not discharge the IRS's priority tax claim because, it found, the plan did not afford the IRS adequate notice of an intention to discharge that claim. In other words, *Monahan* determined that notice was lacking, and thus did *not* adjudicate the question of whether a Chapter 13 plan could displace 11 U.S.C. § 523(a)(1)(B) and discharge a tax debt which was "*not* dischargeable under *any* circumstances." *Espinosa*, 559 U.S. at 273 n.10.

Like the *Monahan* BAP, other courts have dispensed with the issue on notice grounds. In so doing, however, they have underscored the narrow scope of *Espinosa*'s holding. *See, e.g.*, *In re Reuland*, 591 B.R. 342, 348 (Bankr. N.D.Ill. 2018) (explaining that "[t]he Supreme Court in *Espinosa* cautioned in Footnote 10 that its holding should not be blindly applied to other statutory exceptions to discharge" and noting that the Supreme Court "expressly observed that § 523(a)(1)(B) tax debt is different from § 523(a)(8) student loan debt for purposes a chapter 13 discharge"); *In re Moore*, Case No. 08-40118, 2013 WL 4017936, at *7 (Bankr. M.D.Ga. Aug. 6, 2013) (observing that "[w]ith this footnote [10], the Supreme Court eliminated *Espinosa*'s precedential value for the discharge of nondischargeable debts that do not have statutory exceptions to discharge—including § 523(a)(1)(B) tax debts" and that "the Supreme Court did

not intend for *Espinosa* to be precedent as to nondischargeable tax debts"); *see also In re Sprout*, 631 B.R. 312, 324 (Bankr. S.D.Ohio 2021) ("several courts have questioned the propriety of extending the holding in *Espinosa* to permit the discharge of debts that are otherwise not subject to discharge under any circumstances") (citing cases).[2]

At least one bankruptcy court, though, *has* squarely addressed the argument that Mr. Cheney makes here, and it ruled that *Espinosa*'s holding does not apply to tax debts which are nondischargeable pursuant to 11 U.S.C. § 523(a)(1)(B). *In re Chestnut*, Case No. 16-ap-7048, 2017 WL 10742587 (Bankr.W.D.Ark. July 21, 2017). In *Chestnut*, the Chapter 13 plan provided that the debtor would pay an unsecured priority claim of the IRS, and that its unsecured general claim was to be paid a *pro rata* portion of remaining funds after all other classes of payments were paid. 2017 WL 10742587, at *1. The plan was confirmed, apparently without objection from the IRS, and the debtor received a discharge. *Ibid*. The IRS thereafter sought to collect liabilities not paid under the plan, which collection ultimately precipitated the debtor's filing of a contempt motion and the commencement of an adversary proceeding by the United States to determine the dischargeability of those debts. *Ibid*.

As part of the *Chestnut* dischargeability proceeding, the debtor argued—as Mr. Cheney does now—that the bankruptcy court's plan-confirmation and discharge orders were *res judicata*

---

[2] Further bolstering the United States' point on this issue is that fact that the discharge exceptions contained in 11 U.S.C. § 523(a)(1) are self-executing and are not matters of avoidance which must be plead (*i.e.,* no § 523(c) complaint is required). *See, e.g.*, *Moore v. State of Okla. ex rel. Okla. Tax Comm'm (In re Moore)*, Case No. 16-1030, 2017 WL 934641, at *6 n.41 (Bankr.N.D.Okla. Mar. 8, 2017) ("It is worth noting that Sections 523(a)(1) and (a)(7) are self-executing exceptions from discharge, meaning that taxing authorities do not have to seek court authority or permission to collect these types of taxes or penalties after the discharge"); *In re Otero*, No. 10-36858, 2011 WL 3207552, at *3 n.1 (Bankr.N.D.Ohio July 27, 2011) (observing that 11 U.S.C. § 523(a)(1) is one of the Bankruptcy Code's "self-executing provisions automatically excepting a debt from discharge"); *accord Daniels v. Howe Law Firm, P.C. (In re Daniels)*, No. 15-5296, 2019 WL 1490429, at *3 (Bankr.N.D.Ga. Mar. 28, 2019) (same).

as to the dischargeability of the tax debts, and that the discharge order relieved him of such liability under *Espinosa*. *Id*. at *4. The bankruptcy court rejected that argument, explaining that it "does not reflect this Court's understanding of *Espinosa*." *Ibid.* The court explained that "[b]roadly speaking, there are three types of debts that are addressed in [11 U.S.C.] § 523(a)." *Ibid*. According to the court, the first category of debts—found in § 523(a)(2), (4), and (6) of the Bankruptcy Code—"will be discharged unless a creditor takes certain action." *Ibid*. The second category is comprised of the student loan debts described in § 523(a)(8), the exception at issue in *Espinosa*, which "may be dischargeable if the debtor can prove that excepting the debt from discharge would impose an undue hardship on the debtor." *Ibid*. The third and final category encompasses "the debts that are not dischargeable for any reason[,]" including the debts listed in §§ 523(a)(1)(C), (2), (3), (4), (5), and (9) and, as relevant here, 523(a)(1)(B). *Ibid*.

Against this statutory backdrop, the *Chestnut* court found that "the debtor's reliance on *Espinosa* in this case is without merit." *Id*. at *5. In reaching that determination, the court emphasized that *Espinosa* dealt with the second category of debt, whereas the debt at issue in *Chestnut* concerned the third category, which the Supreme Court characterized as "*not* dischargeable under *any* circumstances." *Ibid.* (quoting *Espinosa*, 559 U.S. 273 n.10). The court further highlighted that, as here, "[d]espite the debtor's understanding of his discharge, on the reverse side of the discharge order under Explanation of Bankruptcy Discharge in a Chapter 13 Cases, the order states that '[d]ebts for certain taxes to the extent not paid in full under the plan' are not discharged."[3] *Id.* at *5 (second alteration in original).

---

[3] This Court's October 2019 discharge order at issue in this case likewise enclosed an "Explanation of Bankruptcy Discharge in a Chapter 13 Case," which included the proviso that "[m]ost, but not all, types of debts are discharged if the debt is provided for by the chapter 13 plan or is disallowed by the court pursuant to section 502 of the Bankruptcy Code." *In re*
(continued...)

-6-

The same result obtains here. Mr. Cheney does not cite, and there does not appear to be, a single decision applying *Espinosa* to conclude that a debtor may thwart the protections afforded to tax debts by § 523(a)(1)(B) of the Bankruptcy Code through the terms of a properly-noticed confirmed Chapter 13 plan. By contrast, the cases cited above have underscored the limits the Supreme Court placed upon *Espinosa*'s reach, and at least one bankruptcy court has expressly rejected the argument Mr. Cheney makes here. This Court, like the *Chestnut* court, should follow *Espinosa*'s admonition that § 523(a)(1)(B) debts are not dischargeable "under any circumstances," confirm that the confirmed plan, its January 2015 confirmation order, and its October 2019 discharge order do not purport to render dischargeable the § 523(a)(1)(B) debts at issue in this case, and dismiss Mr. Cheney's adversary complaint for the failure to state a claim.

II. **Mr. Cheney In Any Event Failed To Establish His Exhaustion Of Administrative Remedies As Required Under 26 U.S.C. § 7422(d)(2)**

Even setting aside the dischargeability question, Mr. Cheney's adversary complaint must be dismissed for an independent and straightforward reason; namely, his failure to exhaust his administrative remedies as required by § 7433(d)(1) of the Internal Revenue Code and the underlying Treasury Regulations.

As the United States explained in its motion to dismiss, § 7433(e) provides the "exclusive remedy" for damages against the United States for the alleged violation of a discharge injunction. That provision is subject to § 7433(d)(1), which predicates a damages action under

---

*Cheney*, Case No. 14-13199, ECF No. 46. Beneath the heading "Debts that Are Not Discharged[,]" the explanation listed language identical to that highlighted in *Chestnut*: "Debts for certain taxes to the extent not paid in full under the plan[.]" *Id.* Like the *Chestnut* court, other courts have underscored similar language in discharge orders. *See, e.g., In re Reuland*, 591 B.R. at 352; *McClure v. Franchise Tax Bd.*, Case No. 18-05241, 2019 WL 11706173, at *1 (N.D.Cal. July 1, 2019).

subsection (e) upon the taxpayer's exhaustion of his administrative remedies before the IRS. *Accord* 26 C.F.R. § 301.7433-2(d). And as previously noted, courts within the First Circuit have construed this provision as jurisdictional in nature. *See, e.g.*, *In re Yordan*, 619 B.R. 536, 539 (Bankr.D.P.R. 2020); *Merchia v. United States*, Case No. 18-10424, 2019 WL 2501883, at *4-5 (D.Mass. June 17, 2019); *but see Kriss v. United States*, (*In re Kriss*), Case No. 18-01064, 2019 WL 4745361, at *8 (Bankr.D.N.H. Sept. 27, 2019) (noting that the issue "has not been definitively decided by the First Circuit"), *aff'd*, 2021 WL 1115896 (D.N.H. Feb. 11, 2021), *appeal docketed*, No. 21-1206 (1st Cir. Mar. 22, 2021).

Here, Mr. Cheney asserts in his opposition brief that he has "pleaded sufficient facts for a court to find the Defendant did violate the Discharge Order by attempting to collect taxes that had been discharged when the Chapter 13 Plan was confirmed, completed and the discharge order was issued." ECF No. 17, at 3. But Mr. Cheney has never alleged his exhaustion of administrative remedies as required by § 7433(d) of the Internal Revenue Code for his damages claim under § 7433(e). And lest there be doubt, Mr. Cheney's opposition brief clarifies that such damages are precisely what he seeks here. *Id.* at ¶ 12 ("Plaintiff is petitioning the Bankruptcy Court to recover damages pursuant to 26 USC § 7433(e)"). Whether that failure presents a jurisdictional defect appropriate for dismissal under Fed.R.Civ.P. 12(b)(1) or is simply a failure to state a claim under Fed.R.Civ.P. 12(b)(6), dismissal of the adversary complaint for lack of compliance with § 7433(d) is proper here.

### III. Conclusion

In light of the foregoing, the United States respectfully requests that the Court grant its motion to dismiss the adversary complaint.

Respectfully submitted,

DAVID A. HUBBERT
Deputy Assistant Attorney General
Tax Division, U.S. Department of Justice

*/s/ Noah D. Glover-Ettrich*
NOAH D. GLOVER-ETTRICH
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044
202-514-9838 (v)
202-514-5238 (f)
Noah.D.Glover-Ettrich@usdoj.gov